UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


RECEIVED
SEP 23 2004

|  |  |
|---|---|
| George Logue | CIVIL ACTION |
|  | CASE NO. |
| Plaintiff | COMPLAINT FOR DAMAGES |
|  | Civil Rights Violation - |
| v. | False Imprisonment |
|  |  |
| Cambridge District Court in the |  |
| Commonwealth of Massachusetts |  |
| Court Justice Singleton |  |
| Defendants | (UNLIMITED CIVIL CASE) |

Comes now plaintiff with this complaint pursuant to U.S.C. Title 42 and in response to the following Civil Rights violations.

### FIRST CAUSE
(Civil Rights Violation)

Plaintiff alleges:

1. Plaintiff is presently a resident of Middlesex County, Massachusetts.
2. Plaintiff is uncertain of all names of the officials within the District Court of Cambridge sued herein, and so refers to them here, if not by name, then by title of their capacity of employment. Plaintiff may amend this complaint to allege additional names when ascertained.
3. Defendants Presiding Justices, including defendant Justice Singleton, were employees of their codefendant Commonwealth of Massachusetts District Court of Cambridge to provide judicial duties, and render judgments based on Massachusetts General Laws, thereby enforcing the law to protect all people, the rights of the people, and property within the district without bias. Defendant District Court of Cambridge, being a state district court, and at all times herein mentioned was, an entity duly organized and existing under the laws of the Commonwealth of Massachusetts. The defendants have their principal place of business at, 40 Thorndike Street, Cambridge, Massachusetts in Middlesex County.
4. Defendants Presiding Justices, including defendant Singleton, and at all times herein mentioned were working in and as part of codefendant District Court of Cambridge. Defendants, and each of them, in doing these things hereinafter alleged were acting under the direction and approval, express or implied, of their employer. Plaintiff is informed and believes, and thereon alleges that named defendants are responsible in some manner for the occurrences herein, and that plaintiff's damages as herein alleged, were proximately caused by their conduct.

Jurisdiction

5. Pursuant to Massachusetts General Laws Ch. 258 § 4, notice of this impending claim was presented to the immediate governing body of the department involved. Copies of the notice are attached as "A." This court has jurisdiction over this matter; pursuant to title 42 U.S.C.S. in so far as defendant Justice Singleton, and others within the District Court of Cambridge, were several in a series of defendants, in which plaintiff's civil rights were violated. By failing to diligently perform their duties, and abusing their discretion, while plaintiff was under duress, they contributed to and permitted the Civil Rights violations to continue. Plaintiff beseeches this Court in order that an impartial forum is available.

Facts

6. On February 14, 2003, and at other court proceedings through the year of 2003, plaintiff attempted to clear his good name of the false charges brought against him December 14, 2002, by filing proper motions and declarations to show cause, which proved his innocence. By that time it should have been obvious to defendants, named herein this and related complaints, where plaintiff had not committed any crime, that the alleged claim against him should have been withdrawn. During the following weeks, and because of two court appointed attorney's fraudulent representation, plaintiff was subjected to a series of pretrial hearings in which those attorney's failure to perform, as well an abuse of process by the District Attorney, her agents, and the Court and it's agents, permitted the process to continue without real cause (see related complaints Case No's. 04 – 10822, 10823, and 10824). This abuse of process involved verbal and non-verbal communication between defendants Presiding Justices, the assistant D.A., and plaintiff's attorneys, defendants Vakili and Coppola, and each of them, who conspired in court, based on the falsely recorded events, to continue the process each time, thereby violating 42 U.S.C.S. 1985(3). Defendant Justices ignored objections and arguments of plaintiff, and further violated his civil rights by continuing the case based on, "sufficient facts found but continued without a finding until," (as described on the docket sheet) when, in fact, no such facts could have been found.

7. As a result, on April 1, 2003, plaintiff filed a complaint form with the Massachusetts Commission on Judicial Conduct describing one particular incident on March 28, 2003. On this date the Court, and specifically defendant Justice Singleton in this instance, failed to give plaintiff's motion and affidavits fair and equitable consideration, or allow plaintiff to be fully heard, regarding and including the problems he was encountering with the Court appointed attorney who was supposed to be assisting him. Justice Singleton's discretion was inconsistent with and thereby violated several canons of the Judicial Code.

8. On June 6, 2003, defendant Singleton violated plaintiff's civil rights by denying him of his civil liberties, by having plaintiff falsely imprisoned. This occurred when plaintiff learned of the malpractice of his second court appointed attorney, D. Coppola, which had resulted in a default warrant being issued. Plaintiff had immediately returned to the Court to have the default removed, and to explain his attorney's failure to perform her duty. Again, he encountered defendant Singleton, who not only refused to hear argument or explanation from plaintiff, but instead, falsely imprisoned him for several hours with other people waiting to be arraigned. This egregious decision was vengeful in nature, and violated plaintiff's civil rights by acting under color of state law 42 U.S.C. 1983 (1988). Further, the actions beyond this one instance, and allowing the case to continue on false premises, was done with actual malice by defendants, their agents, and employees, and was done with the knowledge that plaintiff's actions as charged, were false, or were made with reckless disregard either way.

9. On November 18, 2003, after more than 12 pretrial conferences, the charges against plaintiff were dismissed and the case was therefore determined in plaintiff's favor.
10. As a proximate result, defendant District Court of Cambridge, defendants Presiding Justices, including defendant Justice Singleton, and each of them, did unreasonably allow the claim, accusations, inaccurate discovery information and overall process, as described above, to be brought forth and maintained falsely and maliciously, for the intent and purpose of hindering, delaying and preventing the free movements of plaintiff, and to accomplish unlawful and ulterior purposes for which the said process was not designed or intended. Further, by doing so, defendants, and each of them, allowed plaintiff's name and image to be placed on public display, did unreasonably cause his name and person to be portrayed in a false light, and to suffer from malicious notoriety with the intent to harm plaintiff. This caused great harm to plaintiff, including mental suffering, humiliation, lost income, and expenses, and all in violation of MGL c. 214 § 1B. As a further proximate result of defendant District Court of Cambridge, defendants Presiding Justices, including defendant Justice Singleton, and each of their parts in the abuse of process and violation of plaintiff's civil rights, plaintiff has continued to be cast in a false light, sustain damages to his reputation, and suffer mental pain, anguish and humiliation, and continued lost income, all to his damage.

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof, and that the docket sheet be remanded, vacated and the record set to show that plaintiff had committed no crime;
2. For punitive damages according to proof;
3. For reasonable attorney consulting fees;
4. For interest and as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court may deem proper.

September 18, 2004
Date

*/s/ Jerry Logue*

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



RECEIVED SEP 23 2004

| | |
|---|---|
| George Logue | CIVIL ACTION |
| Plaintiff | CASE NO. |
| | COMPLAINT FOR DAMAGES |
| v. | Civil Rights Violation - |
| | Malicious Prosecution |
| | Assault & Battery |
| Cambridge District Court in the | |
| Commonwealth of Massachusetts | |
| Court Justice Singleton | |
| Defendants | (UNLIMITED CIVIL CASE) |

## SECOND CAUSE
(Civil Rights Violation – Malicious Prosecution)

Plaintiff alleges:

### Facts

1. Plaintiff refers to and incorporates, as though fully set forth herein, paragraphs 1 – 10, inclusive, of the First Cause.
2. Defendant District Court of Cambridge, defendant Presiding Justices, including defendant Justice Singleton, and each of them, in failing to use proper discretion and abide by the canons and doctrines of the Judicial Code, conspired so as to continue the legal process without cause. Defendant's actions clearly indicate an abuse of process leading to malicious prosecution on their part. By taking an active part, by sanction and omission, and in continuing and procuring the continuation of criminal procedings, defendants, and each of them, violated Restatement (second) Torts § 655 and are subject to the same liability for malicious prosecution as if they had initiated the procedings themselves; Mitchell v. City of Boston, 130 F. Supp 2d 201, (2001).
3. In doing the acts as alleged above, defendant Singleton and Presiding Justices intended to cause or to place plaintiff in a state of apprehension, or specifically in defendant Singleton's court on June 6, 2003, to assault and batter plaintiff by imprisoning him without cause, and in a location where he was in apprehension of a harmful and offensive contact with plaintiff's person.
4. As a result of defendant Singleton's acts as alleged above, plaintiff, in fact, was placed in great apprehension of a harmful and offensive contact with plaintiff's person, his civil rights were further deprived, and he suffered extreme anxiety, and pain and anguish of the mind. As a further result of the overall malicious prosecution by Defendant District Court of Cambridge, defendant Presiding Justices, including defendant Justice Singleton, and each of them, plaintiff was injured his stature, health, strength and activity, and suffered additional embarrassment and humiliation, all to his damage.

1

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof;
2. For punitive damages according to proof;
3. For reasonable attorney consulting fees;
4. For interest and as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court may deem proper.

September 18, 2004
Date

*[signature: George Logue]*

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| George Logue | CIVIL ACTION |
| Plaintiff | CASE NO.<br>COMPLAINT FOR DAMAGES<br>Intentional Infliction of<br>Emotional Distress |
| v. | |
| Cambridge District Court in the<br>Commonwealth of Massachusetts<br>Court Justice Singleton<br>Defendants | (UNLIMITED CIVIL CASE) |

THIRD CAUSE
(Intentional Infliction of Emotional Distress)

Plaintiff alleges:

1. Plaintiff is presently a resident of Middlesex County, Massachusetts.
2. Plaintiff is uncertain of all names of the officials within the District Court of Cambridge sued herein, and so refers to them here, if not by name, then by title of their capacity of employment. Plaintiff may amend this complaint to allege additional names when ascertained.
3. Defendants Presiding Justices, including defendant Justice Singleton, were employees of their codefendant Commonwealth of Massachusetts District Court of Cambridge to provide judicial duties, and render judgments based on Massachusetts General Laws, thereby enforcing the law to protect all people, the rights of the people, and property within the district and without bias. Defendant District Court of Cambridge, being a state district court, and at all times herein mentioned was, an entity duly organized and existing under the laws of the Commonwealth of Massachusetts. The defendants have their principal place of business at, 40 Thorndike Street, Cambridge, Massachusetts in Middlesex County.
4. Defendants Presiding Justices, including defendant Singleton, and at all times herein mentioned were working in and as part of codefendant District Court of Cambridge. Defendants, and each of them, in doing these things hereinafter alleged were acting under the direction and approval, express or implied, of their employer. Plaintiff is informed and believes, and thereon alleges that named defendants are responsible in some manner for the occurrences herein, and that plaintiff's damages as herein alleged, were proximately caused by their conduct.

1

Jurisdiction

5. Pursuant to Massachusetts General Laws Ch. 258 § 4, notice of this impending claim was presented to the immediate governing body of the department involved. Copies of the notice are attached as "A." This court has jurisdiction over this matter; pursuant to title 42 U.S.C.S. in so far as defendant Justice Singleton, and others within the District Court of Cambridge, were several in a series of defendants, in which plaintiff's civil rights were violated. By failing to diligently perform their duties, and abusing their discretion, while plaintiff was under duress, they contributed to and permitted the Civil Rights violations to continue. Plaintiff beseeches this Court in order that an impartial forum is available.

Facts

6. On February 14, 2003, and at other court proceedings through the year of 2003, plaintiff attempted to clear his good name of the false charges brought against him December 14, 2002, by filing proper motions and declarations to show cause, which proved his innocence. By that time it should have been obvious to defendants, named herein this and related complaints, where plaintiff had not committed any crime, that the alleged claim against him should have been withdrawn. During the following weeks, and because of two court appointed attorney's fraudulent representation, plaintiff was subjected to a series of pretrial hearings in which those attorney's failure to perform, as well an abuse of process by the District Attorney, her agents, and the Court and it's agents, permitted the process to continue without real cause (see related complaints Case No's. 04 – 10822, 10823, and 10824). This abuse of process involved verbal and non-verbal communication between defendants Presiding Justices, the assistant D.A., and plaintiff's attorneys, defendants Vakili and Coppola, and each of them, who conspired in court, based on the falsely recorded events, to continue the process each time, thereby violating 42 U.S.C.S. 1985(3). Defendant Justices ignored objections and arguments of plaintiff, and further violated his civil rights by continuing the case based on, "sufficient facts found but continued without a finding until," (as described on the docket sheet) when, in fact, no such facts could have been found.

7. As a result, on April 1, 2003, plaintiff filed a complaint form with the Massachusetts Commission on Judicial Conduct describing one particular incident on March 28, 2003. On this date the Court, and specifically defendant Justice Singleton in this instance, failed to give plaintiff's motion and affidavits fair and equitable consideration, or allow plaintiff to be fully heard, regarding and including the problems he was encountering with the Court appointed attorney who was supposed to be assisting him. Justice Singleton's discretion was inconsistent with and thereby violated several canons of the Judicial Code.

8. On June 6, 2003, defendant Singleton violated plaintiff's civil rights by denying him of his civil liberties, by having plaintiff falsely imprisoned. This occurred when plaintiff learned of the malpractice of his second court appointed attorney, D. Coppola, which had resulted in a default warrant being issued. Plaintiff had immediately returned to the Court to have the default removed, and to explain his attorney's failure to perform her duty. Again, he encountered defendant Singleton, who not only refused to hear argument or explanation from plaintiff, but instead, falsely imprisoned him for several hours with other people waiting to be arraigned. This egregious decision was vengeful in nature, and violated plaintiff's civil rights by acting under color of state law 42 U.S.C. 1983 (1988). Further, the actions beyond this one instance, and allowing the case to continue on false premises, was done with actual malice by defendants, their agents, and employees, and was done with the knowledge that plaintiff's actions as charged, were false, or were made with reckless disregard either way.

2

9. On November 18, 2003, after more than 12 pretrial conferences, the charges against plaintiff were dismissed and the case was therefore determined in plaintiff's favor.
10. Defendant District Court of Cambridge, defendants Presiding Justices, including defendant Justice Singleton, and each of their egregious acts and omissions were intentional, were unreasonable, and unnecessary in the course of any reasonable court proceeding. Their knowledge of the false charges against plaintiff, as made known in his repeated attempts to move the Court to dismiss, and defendant Singleton's insensitivity and failure to allow pleadings of plaintiff's to be heard, or to consider the malpractice of the Court appointed attorneys all verify his intention, and their lack of care in upsetting him and allowing the false charges to drag on. As a result of defendant's lack of remedial response or sincere effort to correct the record or the process as to how it was proceeding, and observing that by failing to do so, plaintiff was becoming distraught, defendants ratified that their overall conduct was done with understanding that plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to plaintiff.
11. As a proximate result, defendant District Court of Cambridge, defendants Presiding Justices, including defendant Justice Singleton, and each of them, did unreasonably allow the claim, accusations, inaccurate discovery information and overall process, as described above, to be brought forth and maintained falsely and maliciously, for the intent and purpose of hindering, delaying and preventing the free movements of plaintiff, and to accomplish unlawful and ulterior purposes for which the said process was not designed or intended. Further, by doing so, defendants, and each of them, allowed plaintiff's name and image to be placed on public display, did unreasonably cause his name and person to be portrayed in a false light, and to suffer from notoriety with the intent to harm plaintiff. This caused great harm to plaintiff, including mental suffering, humiliation, lost income, and expenses, and all in violation of MGL c. 214 § 1B. As a further proximate result of defendant District Court of Cambridge, defendants Presiding Justices, including defendant Justice Singleton, and each of their parts in the abuse of process and violation of plaintiff's civil rights, plaintiff has continued to be cast in a false light, sustain damages to his reputation, and suffer mental pain, anguish and humiliation, and continued lost income, all to his damage. Defendant Justice Singleton's actions, as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary damages.

3

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof;
2. For punitive and exemplary damages according to proof, amount demanded $ 6,000,000.00;
3. For reasonable attorney consulting fees;
4. For interest and as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court may deem proper.

September 18, 2004
Date

4

George Logue
General Delivery
Boston, Massachusetts 02205

September 23, 2004

Robert A. Mulligan, Chief Justice for Administration
Administration Office of the Trial Court
2, Center Plaza, Suite 540
Boston, MA  02108

Dear Sir:

Pursuant to Massachusetts General Laws Chapter 258 § 4, I am hereby presenting notice of a claim on behalf of myself. This claim will be for actions in which my civil rights were violated, and against the trial court, including certain justices who presided over the hearings arising out of a false arrest and inherent false charge by the MIT police in December 2002.

If in the course of your investigation, you determine that individuals other than public employees may have caused or contributed to these violations, I would appreciate it if you would so advise me, and provide the identity of such individuals.

Very truly yours,

George Logue