```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

GEORGE LOGUE,                        )
                                     )
            Plaintiff,               )
                                     )   CIVIL ACTION NO.
      v.                             )   04-12096-DPW
                                     )
CAMBRIDGE DISTRICT COURT in the      )
Commonwealth of Massachusetts;       )
and COURT JUSTICE SINGLETON,         )
                                     )
            Defendants.              )
```

                    MEMORANDUM AND ORDER
                       January 3, 2005


For the reasons set forth below, I will dismiss this action brought against the state judiciary which considered a criminal trespass case against the plaintiff[1] because I find the complaint to be based on indisputably meritless legal theories.

                          REVIEW

In as much as plaintiff has moved to file without prepayment of fees, a summons has not issued in order to allow a preliminary review of plaintiff's complaint to see that it satisfies the

---

[1] The plaintiff has filed separate pro se actions against the various participants in the criminal proceedings against him. In Logue v. Massachusetts Institute of Technology, 02-12493-DPW, he sues the institution whose agents made the arrest that initiated the criminal complaint. In Logue v. Coakley, 04-10822-DPW, he sues the prosecutors in the case. In Logue v. Coppola, 04-10823-DPW, and Logue v. Vakili, 04-10824-DPW, he sues two lawyers successively assigned by the state court to defend him. In this action, he sues the judiciary. By simultaneous Memoranda and Orders issued today in these cases, I am directing judgment for the defendants in each of these actions.

1

requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915.

Section 1915 of Title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

An in forma pauperis complaint may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Even construing plaintiff's complaint generously, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiff's complaint is subject to dismissal for the reasons stated below.

### BACKGROUND

Plaintiff's complaint seeks monetary relief from the Cambridge District Court and a Massachusetts state court judge. See Complaint ("Compl."), generally. The complaint is divided into the following three counts: (1) civil rights; (2) malicious prosecution; and (3) intentional infliction of emotional distress. Id.

Plaintiff alleges that during the year 2002, criminal

charges were brought against him in the Cambridge District Court and that Justice Singleton presided over the criminal proceedings.  Id.  Plaintiff further alleges that the charges were eventually dismissed and that the defendants "unreasonably allow[ed] the claim, accusations, inaccurate discovery information and overall process . . . to be brought forth and maintained falsely and maliciously . . . ."  Id. at p. 3. Plaintiff states that on April 1, 2003, he filed a complaint with the Massachusetts Commission on Judicial Conduct.  Id. at p. 1. Plaintiff now seeks general and punitive damages.  Id. at p. 4.

## DISCUSSION

I.   Plaintiff's Federal Law Claims

A.   Section 1983

A constitutionally cognizable claim under 42 U.S.C. § 1983 must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).  However, the defendants in this action are immune from such claims.

The Supreme Court has recognized absolute immunity for judges under federal law from damages liability for acts of a judicial nature.  Forrester v. White, 484 U.S. 219, 227-29 (1988); see also Stump v. Sparkman, 435 U.S. 349, 355-57 (1978). Judicial immunity applies to actions brought under 42 U.S.C. §

1983 for acts committed within the scope of judicial duties, "even when such acts are in excess of [judges'] jurisdiction, and are alleged to have been done maliciously or corruptly." Stump, 435 U.S. at 356 (initial citations omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 356-57 (internal quotations omitted); see also Forrester, 484 U.S. at 227 (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive").

In this case, the claims against the individual judicial defendant are based on acts performed in his capacity as judge presiding over state court proceedings. There are no facts alleged in the complaint to indicate that this defendant acted in the clear absence of jurisdiction. Therefore, plaintiff's claims against the judicial defendant are subject to dismissal.

To the extent plaintiff seeks to assert a federal civil rights claim separately against the Cambridge District Court, such a claim is subject to dismissal not merely on judicial immunity grounds but on Eleventh Amendment immunity grounds as well. The Massachusetts Trial Court was created pursuant to Massachusetts General Laws, Chapter 211B (Trial Court of the Commonwealth). It is well-established that a state is not amenable to suit under 42 U.S.C. § 1983 because a state is not a

"person" within the meaning of that statute.  <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989).  Moreover, the courts are considered an arm of the State; the Cambridge District Court therefore is immune from federal suit under the Eleventh Amendment to the United States Constitution.  <u>See</u> <u>id.</u> at 66; <u>Forte v. Sullivan</u>, 935 F.2d 1 n. 2 (1st Cir. 1991).  Therefore, plaintiff's federal claims against the judicial defendant are subject to dismissal.

    B.   <u>Section 1985</u>

To the extent plaintiff seeks to bring this action pursuant to 42 U.S.C. § 1985(3), <u>see</u> Compl. p. 2, the claim is subject to additional grounds for dismissal.  Section 1985 of Title 42 concerns conspiracies to violate civil rights.  Section 1985(3) deals with conspiracies intended to deprive an individual or class of persons of protected rights based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."  <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996) (quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971)).

Because plaintiff has made no allegation which even inferentially indicates that the defendants were motivated by any class-based, invidiously discriminatory animus, plaintiff's claim under Section 1985(3) is subject to dismissal.  <u>Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico</u>, 160 F. Supp. 2d 188, 203-04 (D. P.R. 2001); <u>see</u> <u>Romero-Barcelo v. Hernandez-Agosto</u>, 75 F.3d 23, 35 (1st Cir. 1996) (conclusory

statements are insufficient to support a § 1985(3) claim); accord Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977).

    II.  Plaintiff's State Law Claims

Because the federal claims asserted in this action are subject to dismissal for the reasons stated in Section I above, continued jurisdiction in this court over plaintiff's state law claims is questionable. Under 28 U.S.C. § 1367, a "district court[] may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); see Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 104-05 (1st Cir. 2004) (citing Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995)("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims.")). Should dismissal of the federal claims be effectuated under 28 U.S.C. § 1915(e), I could decline to exercise pendent jurisdiction over plaintiff's state law claims. However, because plaintiff's state law claims are also subject to dismissal on grounds parallel to federal judicial immunity, I will dismiss the state claims on the merits. Massachusetts recognizes as a basic principle of our common law, "too well settled to require discussion, that every judge, whether of a higher or lower court, is exempt from liability to an action for

any judgment or decision rendered in the exercise of jurisdiction vested in him by law."  Commonwealth v. O'Neil, 418 Mass. 760, 766-67 (1994) (quoting Allard v. Estes, 292 Mass. 187, 189-90 (1935)) (citing LaLonde v. Eissner, 405 Mass. 207, 210 (1989); Gildea v. Ellershaw, 363 Mass. 800, 811 (1973)).  "This immunity is founded upon considerations of public policy to the end that the administration of justice may be independent, based upon free and unbiased convictions and not influenced by apprehension of personal consequences."  O'Neil, 418 Mass. at 767 (quoting Joyce v. Hickey, 337 Mass. 118, 121 (1958)).

## CONCLUSION

Based upon the foregoing, I direct the clerk to dismiss this case.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE